MARY ANN VIAL LEMMON, Judge Pro Tem.
Aetna Casualty and Surety Company appeals from a judgment denying its recovery from Denham Springs Fire Department as subrogee of Donald and Shirley McCorkle for sums paid as a result of fire damage to the McCorkle property.[1]
The issue is whether the Denham Springs Fire Department breached any duty to provide fire protection (with the skill usually exercised by others in their profession in the same or a similar community) which caused the damages sustained. On appeal, this Court must determine whether the trial judge committed manifest error or was clearly wrong in finding that no duty was breached which caused the damages herein.
On December 26, 1984 a fire broke out at a building on Thunderbird Beach Road in Livingston Parish owned by Donald and Shirley McCorkle and insured by Aetna. The Denham Springs Fire Department responded to a report from a neighbor. The building was outside the city limits of Den-ham Springs and outside the fire department district. The pumper truck which initially began the fire fighting effort was equipped with 1000 gallons of water. After fighting the fire for a while, the water supply on the pumper truck was exhausted, and within a few minutes a tanker truck arrived and resupplied the pumper with water. A shuttle of tankers continued to replenish the pumper until the blaze was extinguished.
Aetna contends that during a brief period in which the fire fighters were without water, the fire, which had previously been contained, was allowed to accelerate, causing total destruction of the building. Aetna argues that Denham Springs Fire Department was negligent in failing to utilize water from an adjacent pond to fight the fire, after the pumper ran out of water, while waiting for more to arrive, and in failing to use fire plugs from closer to the scene to replenish the supply.
The evidence establishes that by the time Denham Springs Fire Department responded to the fire, the building was already a total loss. Although the fire did flare up during the brief period when the water supply was exhausted, the Department’s failure to have a continuous supply of water was not the cause-in-fact of the plaintiffs loss. The uncontradicted testimony of the captain of Denham Springs Fire Department establishes that as he approached the building, flames could be seen from 1½ miles away. When he first entered the building, he could not reach the fire because of the intense heat at the place of his initial entry, and fire had already begun eating through the roof. When the water supply ran out the captain crawled out of the house and was immediately informed by his assistant chief that a new water supply had arrived. After about three minutes, the water supply was reestablished and the fire fighting efforts continued until the fire was extinguished.
The water supply was interrupted for a period of less than the time it would have taken to utilize water from the adjacent pond or from fire plugs closer to the scene.
The evidence further shows that McCor-kle suggested that the fire department use the pond as a water source and that the captain declined to do so because it would be more time consuming than waiting for tankers to replenish the supply, because of fear that the 33,000 pound truck would become bogged down on the bank surrounding the pond, and because of fear that mud would get into the pumps and render the equipment useless for fighting the fire. There was no showing that the *217 department could have used a fire hydrant closer to the scene to replenish the supply.
The initial inquiry under the duty-risk analysis is whether the conduct of the defendant was a cause-in-faet of the plaintiff's loss. Cause-in-fact is usually a “but for” inquiry which tests whether the loss would not have occurred but for the defendant’s substandard conduct. Fowler v. Roberts, 556 So.2d 1 (La.1989).
The evidence falls short of establishing the necessary causation between the action or inaction of the fire department and the loss. On this record it is clear that even if the supply of water had been uninterrupted, the loss would not have been prevented. The only evidence presented which suggests causation is the statement by the assistant fire chief that “we had it knocked down until we ran out of water before the tankers could get there.” This statement does not establish that but for the running out of water the building would have been saved or that the running out of water was a substantial factor in the loss sustained.
Plaintiff argues the trial judge erred in granting the judgment in defendant’s favor after refusing to grant defendant’s motion for judgment of involuntary dismissal.[2]
At the conclusion of plaintiff’s case, defendant moved for an involuntary dismissal pursuant to C.C.P. art. 1672 B. The trial judge refused to grant the dismissal, but coached defendant that if he rested without presenting any evidence, a judgment would be rendered in his favor based on plaintiff’s failure to sustain its burden of proof. Defendant rested, and the judgment was granted dismissing plaintiff’s case.
In an action tried by a court without a jury, after the plaintiff has completed the presentation of its evidence and upon motion of the defendant, the trial judge has the discretion to determine the facts and render judgment against the plaintiff on the ground that, upon the facts and law, the plaintiff has shown no right to relief, or the court may decline to render any judgment until the close of all the evidence. C.C.P. art. 1672 B.
The trial judge’s refusal to render a judgment of involuntary dismissal, and the rendering of judgment against the plaintiff when defendant rested without presenting any evidence, was not improper. If the trial court grants a judgment of involuntary dismissal and the court of appeal ultimately decides that plaintiff had sustained its burden of proof, the case must be remanded to the trial court for a presentation of the defendant’s evidence. On the other hand, when a defendant rests without presenting any evidence and judgment is rendered, if the appellate court ultimately decides plaintiff has sustained its burden of proof, a complete record has been presented for appellate review and defendant does not have any further opportunity to present evidence.
The trial court’s finding that the plaintiff did not sustain the burden of proving that a breach of a duty by the Denham Springs Fire Department caused the loss sustained is not manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The judgment of the trial court is affirmed.
All costs of the appeal are taxed to appellant.
AFFIRMED.
COVINGTON, C.J., concurs in the result.

. This was a bifurcated trial, with the trial judge hearing the case against Denham Springs Fire Department, while the jury heard the case against other parties. This appeal only addresses the case against Denham Springs Fire Department.

. The judge apparently misconstrued the authority granted to him under C.C.P. art. 1672 B. He stated: "If ya’ll rest at this point, with the evidence I have, I would have to rule in favor of the defendant. But I don’t think I can do that on a motion for a directed verdict because it involves some resolution of some factual questions.”